# GOLENBOCK EISEMAN
# ASSOR BELL & PESKOE LLP

ATTORNEYS AT LAW | 711 THIRD AVENUE., NEW YORK,
NY 10017-4014
T (212) 907-7300  | F (212) 754-0330  |
WWW.GOLENBOCK.COM

DIRECT DIAL No.: (212) 907-7341
DIRECT FAX No.: (212) 754-0330
EMAIL ADDRESS: PRICARDO@GOLENBOCK.COM

July 19, 2022

**MEMO ENDORSED**
The Application is granted.
SO ORDERED:

*[signature]*

Paul G. Gardephe, U.S.D.J.

Dated: *July 21, 2022*

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 10007
New York, NY 10007

Re:  *Mercer Health & Benefits LLC v. William J. Brown et al.*;
     Case No. 22-cv-3844, **Sealing Request – Confidential Settlement
     Agreement**

Dear Judge Gardephe:

This firm, together with Herskowitz Shapiro LLP, represents Defendants in the above-captioned action.  Pursuant to Paragraphs I(A) and II of Your Honor's Individual Rules of Practice for Civil Cases (the "Rules"), I am writing – with the consent and agreement of counsel for plaintiff Mercer Health & Benefits LLC ("Plaintiff") – to respectfully request that the parties be permitted to file a copy of their Confidential Settlement and Release Agreement (the "Confidential Settlement Agreement") partially under seal, with the redactions shown on the copy that we have filed on the public docket.  As part of  their settlement, the parties are requesting that the Court retain jurisdiction over this matter throughout the term of the Stipulated Permanent Injunction  and have included language to that effect in both their proposed Stipulated Order of Dismissal with Prejudice and Stipulated Permanent Injunction.

Courts in the Southern District routinely permit parties to keep the terms of settlement agreements confidential even as they retain jurisdiction. *See, e.g.*, *Access 4 All, Inc. v. Park Lane Hotel, Inc.*, 2005 WL 33385555, at *6 (S.D.N.Y. Dec. 7, 2005) (noting that the court "retain[ed] jurisdiction to enforce" a confidential settlement agreement); *Prince of Peace Enterprises, Inc. v. Top Quality Food Mkt., LLC*, 2012 WL 4471267, at *1 (S.D.N.Y. Sept. 21, 2012) (noting that "upon review of a confidential settlement agreement," the court "dismissed the action . . . with prejudice and retained jurisdiction for purposes of enforcement of the settlement agreement"). Filing of settlement agreements under seal is entirely consistent with the Second Circuit's long-held respect for the inherent confidentiality of settlement terms. *See Palmieri v. State of New*

4074269.1

Hon. Paul G. Gardephe
July 19, 2022
Page 2

*York*, 779 F.2d 861, 864 (2d Cir. 1985) (finding error in a district court's decision to lift a sealing order that applied to a settlement agreement); *In re Franklin Nat'l Bank Sec. Litig.*, 92 F.R.D. 468, 472 (E.D.N.Y. 1981), *aff'd* 677 F.2d 230 (2d Cir.) (referring to the "[s]ecrecy of settlement terms" as a "well-established American litigation practice").

The parties respectfully submit that the limited redactions they request are "essential to preserve higher values and [are] narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Further, some of the proposed redactions protect financial account numbers, as contemplated by Paragraph II(A) of the Rules. There are compelling reasons to maintain confidentiality of (i) the client names and financial information included in Exhibits B-D to the Confidential Settlement Agreement and in the Section 2 and Section 3 "carve outs", (ii) the trailing 12-months' revenue for the health and welfare benefits lines of business for those respective clients, (iii) the nature and amount of consideration exchanged or to be exchanged under the Confidential Settlement Agreement and certain triggers and carve outs related thereto (Section 2 and Section 3 at pp. 7-8), and (iv) Plaintiff's bank account information (Section 2), all of which the parties intended to remain confidential when they negotiated and signed the Confidential Settlement Agreement.

While the general identities of the limited number of clients included as part of the Confidential Settlement Agreement may be readily available through public sources, the fact that (i) these particular clients in Tennessee are or may be actively in the market for health and welfare insurance benefits business or potentially open to transferring insurance brokers for such business, and (ii) the specific annual revenue derived from those clients' health and welfare benefits insurance, is not. Accordingly, it is important to preserve the confidentiality of this commercially sensitive and valuable competitive industry information through the requested narrowly tailored sealing. *See, e.g., Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (permitting redaction of sensitive financial information concerning vendors with whom sealing applicant's competitors also conduct business) (Gardephe, J.). "Moreover, the client list . . . does not 'directly affect' the litigation and will be an attachment to the preliminary injunction only to clarify the contours of Defendants' obligations under their contract with Plaintiff." *Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (sealing client lists).

With respect to bank account information, under the Federal Rules and Paragraph II(A) of the Rules, such information is confidential and must be redacted, even in judicial documents. *See* Fed. R. Civ. P. 5.2.

As to the nature and amount of consideration exchanged, which likewise does not directly affect the litigation, the parties have a compelling interest in protecting the confidentiality of the monetary terms to which they have agreed in order to settle this case and thus they should be permitted to file that information, like the client names, under seal. *See, e.g., Gambale v.*

Hon. Paul G. Gardephe
July 19, 2022
Page 3

*Deutsche Bank AG*, 377 F.3d 133, 143-44 (2d Cir. 2004) (noting that "there may be valid reasons in this and other cases terminated by settlement for maintaining the amount of settlement in confidence when the settlement itself was conditioned on confidentiality," and holding that "it was a serious abuse of discretion for the district court to refer to the magnitude of the settlement amount – theretofore confidential – in [an Unsealing Order]"); *Pullman v. Alpha Media Pub., Inc.*, 624 F. App'x 774, 779 (2d Cir. 2015) (holding that a "district court also did not abuse its discretion in redacting the *settlement amount*" (emphasis added)); *Suda v. Sushiden Corp.*, 2011 WL 1210206, at *1 (S.D.N.Y. Mar. 23, 2011) ("There is also a sufficient showing that the amount of the *settlement payments* should be redacted from the settlement agreement that is filed publicly.") (emphasis added)).

The parties drafted and agreed to the Confidential Settlement Agreement based on their intention and understanding that terms such as the amount of consideration to be exchanged would remain confidential. Given the Second Circuit's strong endorsement of the confidentiality of settlement agreements, in situations in which the Court's approval of the settlement agreement is not required – such as in the above-captioned action – the parties' desire to keep such information has alone been found sufficient. *See Schoeps v. Museum of Modern Art*, 603 F. Supp. 2d 673, 675 (S.D.N.Y. 2009) (recognizing that, because "the Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases . . . the Court has no choice . . . but to preserve the confidentiality of the settlement agreement" even though one party's opposition to disclosure was "wholly unexplained and seemingly no more compelling than concealing the amount of money going into their pockets").[1]   The parties also have additional reasons to keep the monetary terms of the settlement agreement, such as the desire to insulate Defendants from the possibility of copycat litigation, or to avoid the appearance that Defendants have engaged in any wrongdoing, given that, in agreeing to settle, Defendants have not admitted to engaging in any wrongdoing.

Based on the foregoing reasons and legal authority, the parties respectfully request that this Court permit them to file the Confidential Settlement and Release Agreement partially under seal, with the requested redactions as shown on the document that we are filing on the public docket contemporaneously herewith.

---

[1] By contrast, in situations in which the Court's approval of the settlement agreement *is* statutorily required, such as with claims under the Fair Labor Standards Act ("FLSA"), settlement agreements must be filed on the public docket. *See, e.g., Camacho v. Ess-A-Bagel, Inc.*, No. 14 Civ. 2592, 2015 WL 129723, at *3 (S.D.N.Y. Jan. 9, 2015) (noting that in "most contexts," it is "perfectly reasonable" for courts to honor "confidentiality clauses and non-disclosure agreements [to] encourage settlements," but holding that the FLSA requires that agreements to settle FLSA claims be public). Even in the FLSA context, however, this Court has held that the amounts of settlement payments may be redacted. *See Suda v. Sushiden*, 2011 WL 1210206, at *1.

Hon. Paul G. Gardephe
July 19, 2022
Page 4

We thank the Court for its attention to this matter.

Respectfully submitted,

GOLENBOCK EISEMAN ASSOR BELL &
PESKOE LLP

/s/ S. Preston Ricardo
S. Preston Ricardo

cc:    Counsel of Record (via ECF)

4074269.1